IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|                                       |   |                      |
|---------------------------------------|---|----------------------|
| MOZELLE KENDRICK,                     | : |                      |
|                                       | : |                      |
|            Plaintiff                  | : |                      |
|                                       | : |                      |
|     VS.                               | : |                      |
|                                       | : |                      |
| Officer TIMOTHY HARVEY, *et al.*,     | : | NO. 1:09-CV-62 (WLS) |
|                                       | : |                      |
|            Defendants                 | : | **<u>RECOMMENDATION</u>** |

Plaintiff **MOZELLE KENDRICK** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

***I.  STANDARD OF REVIEW***

***A.  28 U.S.C. § 1915(e)(2)***

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

1

granted under any set of facts that could be proved consistent with the allegations,'... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that on an unspecified date he was "beaten bloody and swollen" by Officers Timothy Harvey and Monroe Derry, and that the assault was witnessed by Officer George Camp, Jr., who apparently failed to stop it. In addition to the above three individuals, plaintiff names as defendants the City of Albany and the Albany Police Department. Plaintiff sues the City of Albany and Albany Police Department for their alleged failure to fire or suspend the officers after the assault; he does not allege that any policy was the moving force behind the assault. Plaintiff seeks $15 million in damages.

## III. DISCUSSION

### A. City of Albany

A City may be liable under section 1983 only where the City itself causes the constitutional violation. ***City of Canton v. Harris***, 489 U.S. 378, 385 (1989). Liability cannot be based on

vicarious liability.  *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1145 (11th Cir. 2007).  To state a valid claim against the City of Albany, plaintiff must thus point out an official policy or custom of Albany that violated his constitutional rights and allege that said policy or custom is the moving force behind the constitutional violation he alleges.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994).  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir.2005). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.*

Here, plaintiff has not alleged that any policy or custom led to the violation of his constitutional rights.  Therefore, any claim of municipal liability is without merit.  Accordingly, it is **RECOMMENDED** that the **CITY OF ALBANY** be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with United States District Judge W. Louis Sands within ten (10) days after being served a copy of this order.

### B.  Albany Police Department

The Albany Police Department is not a suable entity.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").  Accordingly, it is **RECOMMENDED** that the **ALBANY POLICE DEPARTMENT** also be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with United States District Judge W. Louis Sands within ten (10) days after being served a copy of this order.

### c. *Individual Defendants*

Plaintiff's allegations that he was subjected to unnecessary force which caused him to suffer harm are sufficient, at this juncture, for this Court to allow plaintiff's complaint to go forward against Officers Timothy Harvey, Monroe Derry, and George Camp, Jr.  Accordingly, it is hereby **ORDERED** that service be made against these three defendants.

## IV.  CONCLUSION

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Officers Harvey, Derry, and Camp.  The undersigned **RECOMMENDS** that plaintiff's claims against the City of Albany and the Albany Police Department be **DISMISSED** and that they be **TERMINATED** as defendants herein.

**SO RECOMMENDED**, this 2nd  day of June, 2009.


*/s/ Richard L. Hodge*                                     
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

4